United States District Court
Southern District of Texas

**ENTERED**

May 20, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LUXURY LEASE PARTNERS AS SERVICER FOR LUXURY LEASE COMPANY, A DELAWARE STATUTORY TRUST, | § § § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | CIVIL ACTION NO. 4:25-cv-2476 |
| ASHTON LEE AUSTIN and EVERYTHINGS REGULAR, LLC, | § § § | |
| *Defendant.* | § | |

### ORDER

Before the Court is Plaintiff Luxury Lease Partners, as Servicer for Luxury Lease Company, a Delaware Statutory Trust's, ("Plaintiff" or "Luxury Lease") Motion for Default Judgment. (Doc. No. 15). Defendants have not responded or otherwise appeared in this action. For the following reasons, Plaintiff's motion is **GRANTED**.

### I.     BACKGROUND

Plaintiff is in the business of leasing luxury cars. Defendant Ashton Lee Austin, a resident of Harris County, Texas, entered into a Lease Agreement with Plaintiff on September 28, 2022, for the lease of a 2019 Lamborghini Urus AWD. (Doc. No. 15-2). Defendant Everythings Regular, LLC, of which Austin is the managing member, signed the Lease Agreement as a guarantor, guaranteeing the payment and performance of Austin's obligations within the Lease Agreement. (Doc. No. 15-3). Austin subsequently failed to make monthly payments on the lease and defaulted.

On May 30, 2025, Luxury Lease filed the instant suit against Defendants, alleging claims for breach of contract against both defendants, quantum meruit, and money had and received. (Doc. No. 1). The Court issued summons as to both Defendants (Doc. No. 3). Plaintiff served the

summons on Everythings Regular, LLC on June 12, 2025 by serving its registered agent, Legalzoom.com, Inc. (Doc. No. 6). After multiple unsuccessful attempts at personal service on Austin, Plaintiff moved for substitute service, which this Court granted. (Doc. No. 9). An affidavit of service executed by the process server and included in the Return of Service of Summons confirms that Plaintiff complied with this Court's Order regarding substitute service. (Doc. No. 11-2). Austin was served with the summons on July 8, 2025. (Doc. Nos., 11, 11-2). Defendants did not answer or otherwise respond within the time required by the Federal Rules. *See* Fed. R. Civ. P. 12(a)(1)(A). After that deadline passed, Plaintiff requested an Entry of Default against both Defendants, (Doc. No. 12), which the Clerk entered on September 16, 2025. (Doc. No. 14). On September 26, 2025, Plaintiff filed the present Motion for Default Judgment. (Doc. No. 15).

## II.    ANALYSIS

When considering whether to enter default judgment, courts in the Fifth Circuit consider three elements: (1) whether the entry of a default judgment is procedurally warranted; (2) whether there is a sufficient basis in the pleadings for the judgment; and (3) what form of relief, if any, the plaintiff should receive. *Nasufi v. King Cable Inc.*, No. 3:15-CV-3273-B, 2017 WL 6497762, at *1–2 (N.D. Tex. Dec. 19, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

### A.  Default Judgment is Procedurally Warranted.

First, default judgment is procedurally warranted here. As already stated, Defendants were properly served but did not answer or otherwise respond by the deadline required under the Federal Rules, so the Court granted Plaintiff's request for Entry of Default and the Clerk entered said default. *See* (Doc. Nos. 6, 8, 9, 11, 12, 14). As a result, no material facts are in dispute. *See* *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant,

2

by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

### B. There is Sufficient Basis for Judgment in the Pleadings.

Second, the pleadings provide a sufficient basis for entering default judgment. Luxury Lease alleges a claim for breach of contract against Defendants.[1] In Texas, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach." *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

Plaintiff has submitted the Lease Agreement signed by Austin and the guaranty signed by Austin on behalf of Everythings Limited, LLC to establish the existence of a valid contract. (Doc. Nos. 15-2, 15-3). Luxury Lease performed on the contract by tendering the leased vehicle to Austin. (Riggs Aff., Doc. No. 15-1). Defendants breached the contract by failing to pay the payments due on the Lease Agreement and the guaranty and failing to return the vehicle following Plaintiff's demand. (*Id.*; Doc. Nos. 15-5, 15-6). Plaintiff has sustained damages as a result of the breached Lease Agreement. (Doc. No. 15-5). As a result, Plaintiff has sufficiently established Defendants' liability for breach of contract.

### C. Plaintiff's Requested Relief

While a defendant's default concedes the truth of a complaint's factual allegations, a plaintiff must still prove damages. *U.S. for the Use of M–Co Constr. v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Damages are normally not awarded without an evidentiary hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). "That rule, however, is subject to an exception

---

[1] Plaintiff's Complaint contains claims for breach of contract against both defendants, quantum meruit, and money had and received , but it seeks default judgment on its breach of contract claim. (Doc. No. 15 at 3).

where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.* (citations omitted). Here, Plaintiff requests damages that are capable of mathematical calculation, so a hearing is unnecessary.

Plaintiff requests $231,427.67 as the principal amount due on the contract, $1,296.00 in attorney's fees through judgment, $1,000.00 in costs of court, pre-judgment interest of $16,024.35 as of August 12, 2025, continuing to accrue at the per diem rate of $47.55 until the date of judgment, and post-judgment interest. (Doc. No. 15-10). To establish the principal amount due on the contract Plaintiff has submitted an affidavit from RuthAnn Riggs, an employee of Luxury Lease with control and knowledge of Defendants' Luxury Lease account (Riggs Aff., Doc. No. 15-1), the Lease Agreement (Doc. No. 15-2), the guaranty agreement (Doc. No. 15-3), and a copy of the Total True Breakdown of the balance owed by Defendants, (Doc. No. 15-5). Accordingly, Plaintiff has sufficiently proved that it is entitled to a damages award of $231,427.67 as the principal amount due on the contract by Defendants.

"In determining the appropriate amount of attorney's fees, a district court first must calculate the 'lodestar' by 'multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers.'" *Rodney v. Elliott Sec. Sols., L.L.C.*, 853 F. App'x 922, 924 (5th Cir. 2021) (quoting *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)). Whether an hourly rate is reasonably depends on whether that rate is consistent with the "hourly rate in the community for the work at issue." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). In a sworn affidavit, counsel for Luxury Lease asserts that he worked 3.60 hours at a reasonable hourly rate of $360.00. (Cersonsky Aff., Doc. No. 15-9). The Court finds that this rate is reasonable. The total amount for attorney's fees incurred by Plaintiff is $1,296.00.

4

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. No. 15) is hereby

**GRANTED**. A separate Judgment in favor of Plaintiff will be entered in the following amounts:

1. $231,427.67 as the principal amount due;

2. $1,296.00 in reasonable attorney's fees;

3. $1,000.00 in costs of court;

4. Pre-judgment interest of $29,338.35; and

4. Post-judgment interest on the above at a rate of 3.80% per annum.

Final judgment will be entered by separate order.


Signed on this the 20th day of May, 2026.


Andrew S. Hanen
United States District Judge